1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER S.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

Case No. 2:19-cv-01020

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

        Plaintiff has brought this matter for judicial review of Defendant's denial of her

application for disability insurance benefits ("DIB").

        The parties have consented to have this matter heard by the undersigned

Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

MJR 13. For the reasons set forth below, the undersigned agrees that the ALJ erred,

and the ALJ's decision is reversed and remanded for an award of benefits.

## I.      ISSUES FOR REVIEW

1. Did the ALJ err in evaluating the medical opinion evidence?
2. Did the ALJ err in assessing an opinion from Plaintiff's physical
   therapist?

## II.      BACKGROUND

        On October 10, 2012, Plaintiff filed an application for DIB, alleging a disability

onset date of June 3, 2011. AR 17, 160-61. Plaintiff's application was denied upon initial

administrative review and on reconsideration. AR 17, 93-95, 99-100. A hearing was held

before Administrative Law Judge ("ALJ") Kimberly Boyce on May 20, 2015. AR 35-67, 722-55. On July 27, 2015, ALJ Boyce ALJ issued a written decision finding that Plaintiff was not disabled. AR 14-29, 667-82. The Social Security Appeals Council denied Plaintiff's request for review on January 19, 2017. AR 1-8, 688-91.

On March 2, 2017, Plaintiff sought judicial review of ALJ Boyce's written decision. AR 692-94. On November 15, 2017, this Court issued an order reversing the ALJ's decision and remanding this case for reconsideration of Plaintiff's testimony, a physical examination conducted by Virtaj Singh, M.D., and opinion evidence from Ronald Vincent, M.D., J. Michael Geier, M.D, Douglas Langrock, M.D., and physical therapist Dan Crowley. AR 695-713. On January 29, 2018, the Appeals Council vacated ALJ Boyce's decision and issued an order remanding the case for further administrative proceedings consistent with the Court's order. AR 717-21.

On February 19, 2019, ALJ Boyce held a new hearing. AR 631-66. On April 29, 2019, ALJ Boyce issued a decision finding that Plaintiff was not disabled. AR 604-24.

Plaintiff  seeks judicial review of the ALJ's April 29, 2019 decision. Dkt. 1.

III.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

1

2

## IV.   DISCUSSION

3       In this case, the ALJ found that Plaintiff had a range of severe, medically

4   determinable impairments, including residuals from cervical spine discectomy and

5   laminectomy, right trochanteric bursitis, and fibromyalgia. AR 610. The ALJ also found

6   that Plaintiff had a range of non-severe impairments. AR 610-12.

7       Based on the limitations stemming from these impairments, the ALJ found that

8   Plaintiff could perform a reduced range of sedentary work. AR 615. Relying on

9   vocational expert ("VE") testimony, the ALJ found that while Plaintiff could not perform

10  her past work, she could perform other sedentary, unskilled jobs at step five of the

11  sequential evaluation; therefore the ALJ determined at step five that Plaintiff was not

    disabled. AR 622-24, 661-64.

12      A.  Whether the ALJ erred in evaluating the medical opinion evidence

13      Plaintiff contends that the ALJ erred in evaluating medical opinions from

14  examining physicians Virtaj Singh, M.D., Michael Geier, M.D, Douglas Langrock, M.D.,

15  and non-examining state agency consultant William Backlund, M.D. Dkt. 9, pp. 4-11, 13-

16  18.

17      In assessing an acceptable medical source – such as a medical doctor – the ALJ

18  must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of

19  either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

20  1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*,

21  849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is

22  contradicted, the opinion can be rejected "for specific and legitimate reasons that are

23  supported by substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 3

1   *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d
2   499, 502 (9th Cir. 1983)).

3       1.  <u>Dr. Singh</u>

4       Plaintiff contends that the ALJ erred by failing to consider the results of an
5   examination conducted by Dr. Singh, despite this Court's finding that the ALJ erred by
6   failing to do so in her 2015 decision. Dkt. 9, pp. 4, 6-7; AR 698-702. If an administrative
7   proceeding deviates from the reviewing court's remand order, this is legal error and
8   would be cause for reversal on further judicial review. *Sullivan v. Hudson*, 490 U.S. 877,
9   885–86, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989); *Ischay v. Barnhart,* 383 F. Supp.2d
10  1199, 1213-1214 (C.D. Cal. 2005).

11      Dr. Singh stated that Plaintiff's pain complaints were "very complicated" and
12  opined that Plaintiff's symptoms and the results of his examination most closely fit a
13  diagnosis of neurogenic thoracic outlet syndrome. AR 566.

14      Dr. Singh saw Plaintiff on December 23, 2014. AR 564-67. Dr. Singh discussed
15  Plaintiff's physical and mental symptoms with her, reviewed her medical records, and
16  conducted a physical examination. During Dr. Singh's examination, Plaintiff exhibited
17  pain and tightness in her neck, tension in her right arm, and diffuse tenderness in her
18  cervical spine. AR 565-66.

19      Dr. Singh's examination further revealed that Plaintiff was markedly tender on
20  palpation over her bilateral greater occipital nerves with re-creation of her headaches,
21  markedly tender on palpation over her bilateral upper and mid-cervical facet joints, and
22  exhibited tenderness and spasm along her right greater than left cervical paraspinals
23  into her right greater than left trapezius. AR 566. Dr. Singh noted that Plaintiff's left

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

1  trapezius was hemielevated, and that she exhibited tenderness and spasm across her

2  scalenes, especially on the right, and on her pectoralis minor muscle. *Id.*

3      In its remand order, this Court found that the ALJ erred by not discussing the

4  results of Dr. Singh's examination, which were consistent with the improperly

5  discounted opinion of Plaintiff's physical therapist, Mr. Crowley. AR 20, 698-702; *see*

6  *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (an ALJ "may not reject

7  'significant probative evidence' without explanation.") (internal citations omitted).

8      The ALJ briefly cited (in the 2019 decision) some of Dr. Singh's examination

9  findings when evaluating Plaintiff's testimony, along with the opinion evidence, and the

10  severity of her impairments, but failed to discuss the results or conclusions of Dr.

11  Singh's examination in any detail, and failed to discuss the evidence this Court found

12  significant and probative in its remand order. AR 611-12, 616-17, 620-22, 698-702.

13      Accordingly, the ALJ erred by not complying with the Court's remand order, and

14  erred in evaluating the results of Dr. Singh's examination.

15      2. Dr. Geier

16      Plaintiff underwent a right C5-C6 discectomy with her treating neurosurgeon, Dr.

17  Geier, on October 18, 2011. AR 345-47.

18      Plaintiff experienced some post-surgical complications, but in January 2012 Dr.

19  Geier observed that Plaintiff was "doing fine" and needed to work on recovering strength

20  and flexibility in her cervical spine. AR 339-41. Dr. Geier estimated that it would be

21  between 4 and 6 months before he would give "any consideration" to releasing Plaintiff

22  back to work. AR 340.

23

24

25

1    In February 2012, Dr. Geier referred Plaintiff to physical therapy because she

2    continued to have significant problems with muscle tension, and stated that Plaintiff

3    remained unable to work in any capacity. AR 337-38.

4    In August 2012, Dr. Geier opined that it was "obvious" that Plaintiff had ongoing

5    difficulties stemming from her original work injury, including a residual C6 nerve root

6    injury and a residual muscular injury which was partially exacerbated by her October

7    2011 surgery. AR 321, 480. Dr. Geier stated that the damage to Plaintiff's nerve roots

8    was irreparable, opined that Plaintiff had a permanent injury that made it impossible for

9    Plaintiff to return to her past work at the time, and added that it was "questionable"

10   whether Plaintiff would ever be able to resume working at her job of injury. *Id.*

11   In September 2012, Dr. Geier opined Plaintiff had reached "maximal medical

12   improvement which placed her at a degree of disability", but stated that he was unable

13   to assess Plaintiff's precise degree of limitation. AR 314.

14   In November 2012, Dr. Geier observed that "nothing much had changed" after

15   Plaintiff's surgery, and noted that she was still having "quite a bit" of neck and shoulder

16   pain, decreased sensation in her cervical spine, and decreased strength in her right

17   wrist. AR 310.

18   In February 2013, Dr. Geier again opined that he saw "nothing different" with

19   respect to Plaintiff's condition, and that Plaintiff was still experiencing residual C6

20   radiculopathy and ongoing symptoms from her work-related neck injury and muscular

21   trauma from her surgery. AR 477. Dr. Geier re-stated his conclusion that Plaintiff had

22   suffered a permanent injury from her work accident, and could not return to her job of

23   injury. *Id.*

24

25

1          Dr. Geier stated that Plaintiff's 2010 work injury resulted in permanent

2  neuropathy which causes "sufficient pain with activity to make employment torturous."

3  AR 465, 477. Dr. Geier opined that it was "unreasonable" to expect Plaintiff to work in

4  this condition, and that while there was no objective measure to assess her tolerance

5  for work versus her tolerance of pain, "her intolerance is a reality in her case" and that

6  "[s]imply put, work activity is too painful for her to tolerate." *Id.* Dr. Geier added that

7  Plaintiff's symptoms persisted despite adequate time and treatment, and that there were

8  no treatments that would improve Plaintiff's condition. *Id.*

9          The ALJ assigned "little weight" to Dr. Geier's opinions, reasoning that: (1) some

10  of Dr. Geier's opinions were issued shortly after Plaintiff's surgery, and physical

11  examinations conducted during the period at issue indicate that Plaintiff's neck,

12  shoulder, and arm limitations gradually improved; (2) Dr. Geier based his opinion on

13  Plaintiff's subjective reports; (3) Dr. Geier's opinion is inconsistent with the objective

14  evidence; (4) Dr. Geier's opinion is inconsistent with Plaintiff's self-reported activities of

15  daily living; (5) Dr. Geier stated that he was unable to assess Plaintiff's precise degree

16  of limitation; and (6) Dr. Geier offered an opinion on an issue reserved for the

17  Commissioner. AR 620-21.

18          With respect to the ALJ's first reason, as Defendant concedes, Dr. Geier's

19  opinions cover a period of approximately 16 months. Dkt. 10, at 10. In his final opinion,

20  Dr. Geier was clear Plaintiff's condition had not improved despite adequate time and

21  treatment, and there was nothing he could do to address Plaintiff's "tortuous" pain

22  symptoms. AR 465, 477.

23

24

25

1    Further, the ALJ's conclusion that Plaintiff's neck, shoulder, and arm symptoms

2    gradually improved after surgery is not supported by the record. In reaching this

3    conclusion, the ALJ cites the examination of Dr. Singh, whose diagnosis of neurogenic

4    thoracic outlet syndrome is consistent with Dr. Geier's diagnosis of permanent

5    neuropathy, and whose examination revealed a range of marked physical limitations

6    consistent with Dr. Geier's opinion. AR 564-67, 620.

7    As for the ALJ's second reason, in her 2015 decision, the ALJ reasoned that Dr.

8    Geier's admission that there was insufficient objective evidence to substantiate the

9    claimant's pain complaints indicated that Dr. Geier relied on Plaintiff's self-reports rather

10   than his clinical findings in forming his opinion. AR 26. But, in its remand order, this

11   Court found that this was an error by the ALJ, because Dr. Geier's statement did not

12   demonstrate that Dr. Geier was basing his conclusions concerning Plaintiff's functional

13   ability mainly on Plaintiff's self-reports. AR 463, 708.

14   In her 2019 decision, the ALJ again found that Dr. Geier appeared to rely on

15   Plaintiff's subjective pain allegations, this time citing physical examinations during which

16   Plaintiff often appeared comfortable, pleasant, well appearing, and in no acute distress.

17   AR 620-21. The ALJ's reference to these examinations does not overturn the Court's

18   earlier finding: Dr. Geier treated, examined, and evaluated Plaintiff over several years,

19   and there is nothing in Dr. Geier's treatment records to indicate that he based his

20   opinions on Plaintiff's allegations rather than his own findings.

21   With respect to the ALJ's third reason, the ALJ found that Dr. Geier's August

22   2012 statement that the overall appearance of Plaintiff's neck was "notably improved"

23   compared with pre-operative imaging, and Dr. Geier's decision not to recommend

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 8

additional neck surgery were inconsistent with Dr. Geier's opinion that Plaintiff could not work. AR 328, 331-32, 480, 620.

The ALJ did not accurately summarize Dr. Geier's conclusions; therefore, there is not substantial evidence in the record to support the ALJ's findings. Dr. Geier stated that while Plaintiff had no further impediments in her cervical spine to any of her exiting nerve roots, it was "obvious" that she had residual muscular problems and nerve injuries that were not amenable to treatment; Dr. Geier observed it was "questionable" whether Plaintiff would ever be able to resume working at her job of injury. AR 321, 480. Dr. Geier's August 2012 assessment, along with his subsequent statements, indicate that Plaintiff had ongoing neuropathic pain that could not be resolved with additional treatment.

Regarding the ALJ's fourth reason, the ALJ found that Dr. Geier's opinion concerning Plaintiff's pain symptoms was inconsistent with Plaintiff's ability to tend to her personal care, take care of her daughters, cook simple meals, help with house and yard work, drive a car, and shop for groceries. AR 621.

In its remand order, this Court found that Plaintiff's ability to perform basic activities of daily living -- such as helping with house work, attending church services, and shopping for groceries -- was not a valid reason for discounting Plaintiff's testimony or the medical opinion evidence. AR 25, 709-11; *see Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."). Plaintiff's ability to

1  perform these activities is still not a specific and legitimate reason for discounting Dr.

2  Geier's opinion.

3       With respect to the ALJ's fifth reason, in its remand order, this Court found that

4  the ALJ's rejection of Dr. Geier's opinion because it did not offer a function-by-function

5  assessment of her capabilities was unpersuasive, given that there is no authority for the

6  proposition that a medical opinion must be expressed in a function-by-function format

7  for it to have relevance.  AR 26, 621, 707-08. The Court continues to find the ALJ's

8  reasoning unpersuasive, and notes that a function-by-function assessment is somewhat

9  superfluous when a physician states that any work activity would be "tortuous" for an

10  individual. AR 465, 477.

11       As for the ALJ's sixth reason, in its remand order, this Court found that ALJ erred

12  in discounting Dr. Geier's opinion because it offered an opinion on a question of

13  disability reserved for the Commissioner of Social Security. AR 26, 706-07; *Hill v.*

14  *Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) (a doctor's opinion that it was unlikely that

15  the claimant could sustain full-time competitive employment is not a conclusion

16  reserved to the Commissioner, but is "an assessment based on objective medical

17  evidence of [the claimant's] likelihood of being able to sustain full-time employment

18  given the many medical and mental impairments [claimant] faces and her inability to

19  afford treatment for those conditions."). Here, the ALJ has offered an identical rationale

20  for discounting Dr. Geier's opinion, and the Court finds it unpersuasive for the same

21  reason. AR 621.

22       Accordingly, the ALJ has not provided specific and legitimate reasons for

23  discounting Dr. Geier's opinions.

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 10

1

B. <u>Other Opinions</u>

2

Plaintiff further contends that the ALJ erred in evaluating opinion evidence from

3

Dr. Langrock, Dr. Backlund, and Mr. Crowley. Dkt. 9, pp. 11-18. Because this case may

4

be decided without considering the ALJ's assessment of this evidence, the Court

5

declines to address these opinions.

6

C. <u>Remand for an Award of Benefits</u>

7

Plaintiff asks this Court to remand this case for an award of benefits. Dkt. 9 at 18.

8

"'The decision whether to remand a case for additional evidence, or simply to award

9

benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682

10

(9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an

11

ALJ makes an error and the record is uncertain and ambiguous, the court should

12

remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045

13

(9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy

14

the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d

15

at 668.

16

The Ninth Circuit has developed a three-step analysis for determining when to

17

remand for a direct award of benefits. Such remand is generally proper only where

18
19
20

"(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

21
22

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

23
24
25

1    The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is

2    satisfied, the district court still has discretion to remand for further proceedings or for

3    award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

4    Despite this Court's remand instructions, the ALJ has again not evaluated

5    significant, probative evidence from Dr. Singh, and provided several reasons for

6    rejecting Dr. Geier's opinions that this Court found unpersuasive in its remand order.

7    The Agency disregarded the District Court's decision and order on remand.

8    Where a court finds that the Commissioner committed a legal or factual error in

9    evaluating a claim, the district court's remand order will often include detailed

10   instructions concerning the scope of the remand, the evidence to be adduced, and the

11   legal or factual issues to be addressed. Deviation from the court's remand order in the

12   subsequent administrative proceedings is itself legal error, subject to reversal on further

13   judicial review. *Sullivan v. Hudson*, 490 U.S. 877, 885–86 (1989); *Ischay v. Barnhart*,

14   383 F.Supp.2d 1199, 1214 (C.D.Cal.2005).

15   The Court is mindful that simply providing a second opportunity to assess

16   evidence does not qualify as a remand for a "useful purpose" under the first part of the

17   credit as true analysis. *Garrison*, 759 F.3d at 1021-22, citing *Benecke v. Barnhart*, 379

18   F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again

19   would create an unfair 'heads we win; tails, let's play again' system of disability benefits

20   adjudication.").

21   Here, giving the Commissioner another opportunity to re-assess this evidence

22   would serve no useful purpose, given that the ALJ failed to properly evaluate the

23   opinions of Dr. Singh and Dr. Geier despite this Court's explicit remand instructions.

24

25

1
2
3
4
5
6

In this case, there is no serious doubt that if the opinions of Dr. Singh and Dr. Geier were credited as true, that the ALJ would be required to find Plaintiff disabled on remand. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (courts have the flexibility to remand for further proceedings when the record as a whole creates "serious doubt" as to whether the claimant is disabled within the meaning of the Social Security Act.).

7
8
9
10
11
12
13
14
15

The opinions of Dr. Singh and Dr. Geier, taken together, establish that Plaintiff had ongoing neuropathic pain after her 2011 surgery that could not be resolved with additional treatment; this condition resulted in marked physical limitations, and caused enough pain with activity to make employment "torturous." AR 465, 477, 564-67. The ALJ did not provide a detailed analysis of Dr. Singh's examination, despite the Court's finding that the ALJ erred by not evaluating the results of this examination in her first decision. AR 698-702. The ALJ has not provided specific and legitimate reasons for discounting Dr. Geier's opinion, and has re-stated many of the reasons this Court found unpersuasive in its remand order. AR 706-11.

16

Accordingly, remand for an award of benefits is the appropriate remedy.

17
18
19
20
21
22
23
24
25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 13

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when she found Plaintiff was not disabled. Defendant's decision to deny benefits is therefore REVERSED and this matter is REMANDED for an award of benefits.

Dated this 18th day of September, 2020.


Theresa L. Fricke
United States Magistrate Judge